Date signed August 22, 2012



DAVID E. RICE
U.S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| GARY F. SWEITZER and SUSAN M. SWEITZER, | * | Case No. 11-27305-DER |
| | * | Chapter 13 |
| Debtors. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM OPINION ON OBJECTION TO CLAIM

The debtors object to the claim filed by Real Time Resolutions, Inc. ("Real Time") on the ground that the lien securing the claim was stripped off in this Chapter 13 case and any unsecured liability on that claim was discharged in a Chapter 7 case previously filed by the debtors. Real Time asserts that its claim must be allowed as an unsecured claim in this case. For the reasons that follow, the objection will be sustained and Real Time's claim will be disallowed.

### Jurisdiction

The court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and Local Rule 402 of the United States District Court for the District of Maryland. This proceeding is a "core proceeding" under 28 U.S.C. § 157(b)(2).

**Factual and Procedural Background**

The facts relevant to resolution of the objection are not in dispute. Prior to filing this Chapter 13 case, the debtors filed a joint Chapter 7 petition in this court on September 14, 2009.[1] The debtors received a discharge in their Chapter 7 case on December 28, 2009. As a result, the *in personam* liability of the debtors to Real Time and other creditors scheduled in their Chapter 7 case was discharged.[2] Thus, the case now before the court is what is known as a "Chapter 20" case.

A Chapter 13 plan filed by the debtors in this case was confirmed on December 20, 2011. Prior to confirmation of their plan, the debtors filed a motion to avoid the lien rights of Real Time against their residence pursuant to 11 U.S.C. § 506 and <u>Johnson v. Asset Management Group</u>, 226 B.R. 364 (D. Md. 1998). Because Real Time's lien was wholly unsecured, the court entered an order on October 12, 2011 that "stripped off" the lien effective upon completion of payments under the plan (the "Order Avoiding Lien"). Shortly before confirmation of the plan, the debtors filed an objection to Real Time's proof of claim (the "Objection") asserting that the claim should be disallowed in its entirety because the claim was not entitled to treatment as a secured claim by reason of the Order Avoiding Lien, nor was it entitled to treatment as an unsecured claim by reason of the discharge granted in their prior Chapter 7 case. Real Time filed an opposition (the "Opposition") to the Objection relying on <u>Johnson v. Home State Bank</u>,

---

[1] <u>In re Gary Francis Sweitzer, et al.</u>, Case No. 09-27243-DWK.

[2] Real Time filed a proof of claim in this case, docketed as Claim No. 1, in which it asserts a secured claim in the amount of $145,336.33 against the debtors based upon a second priority deed of trust on the residential real property owned by the debtors and known as 2845 Kump Station Road, Taneytown, Maryland. Copies of the deed of trust dated August 9, 2006 and the Home Equity Credit Line Agreement of the same date secured by the property were attached to the proof of claim filed by Real Time. It is not disputed that the *in personam* liability of the debtors on the claim now asserted by Real Time was a debt extinguished by the discharge granted to the debtors in their prior Chapter 7 case.

501 U.S. 78 (1991), in which the Supreme Court held that a bank holding only *in rem* rights against a debtor's property in a Chapter 20 case nonetheless has a "claim" against the debtor that is subject to inclusion in the debtor's Chapter 13 plan. Based on Johnson v. Home State Bank, Real Time asserts that its *in rem* "claim" must now be treated as an allowed unsecured claim in this case because its lien was stripped off the debtors' property.

A hearing on the Objection and the Opposition was held on February 28, 2012, at which time the matter was held under advisement. At the hearing, the debtors and Real Time raised for the first time the question of whether the matter might be moot because the confirmed plan does not provide for payments to unsecured creditors. In addition, the Chapter 13 trustee argued at the hearing that the Order Avoiding Lien effectively allowed Real Time's claim as an unsecured claim because the order contained language stating "that the claim of [Real Time] be and is hereby deemed wholly unsecured and shall be treated as such."

## Discussion of Issues

The issue of whether Real Time holds an allowable unsecured claim in this case is not moot simply because the confirmed Chapter 13 plan does not provide for payments to unsecured creditors. If its claim were allowed, Real Time would be the holder of the only allowed unsecured claim in this case. A creditor holding an allowed unsecured claim could assert certain rights in a Chapter 13 case regardless of whether the Chapter 13 plan provides funding adequate for the Chapter 13 trustee to make distribution payments to such creditors. For example, § 1329 of the Bankruptcy Code provides that "the holder of an allowed unsecured claim" may request modification of a confirmed Chapter 13 plan. 11 U.S.C. § 1329(a)(1).

Similarly, the court disagrees with the Chapter 13 trustee's contention that entry of the Order Avoiding Lien resulted in allowance of Real Time's claim as an unsecured claim. In this

district, a motion to avoid lien under § 506 of the Bankruptcy Code is to be accompanied by a proposed order conforming to Local Bankruptcy Form H.  See, D. Md. Loc. Bankr. R. 3012-1(f).  The standard language of Local Bankruptcy Form H provides that the claim of the respondent "is deemed wholly unsecured" and "shall be allowed as a general unsecured claim under the debtor's plan."  In the Order Avoiding Lien, however, the second phrase was deleted and the first was modified to state "that the claim of [Real Time] be and is hereby deemed wholly unsecured and shall be treated as such."  As pointed out at the hearing by counsel for the debtors, Real Time's unsecured claim is subject to the Chapter 7 discharge and is being treated "as such."  The absence of the form language phrase "shall be allowed as a general unsecured claim under the debtor's plan" indicates that the Order Avoiding Lien was not intended to allow or treat Real Time's claim as an unsecured claim entitled to payment under the Chapter 13 plan.

Having determined that the question before this court is not moot and was not already decided by the Order Avoiding Lien, the court turns to consideration of the merits of the Objection.  At the hearing, the parties referred the court to the thorough consideration of a number of Chapter 20 case issues by Judge Wendelin I. Lipp of this district in her recent opinion in Davis v. TD Bank, N.A. (In re Davis), 447 B.R. 738 (Bankr. D. Md. 2011).[3]  After acknowledging that bankruptcy courts are divided on the issue, Judge Lipp held in Davis that good faith Chapter 13 plans may be proposed in a Chapter 20 case and a creditor's wholly unsecured mortgage lien may be "stripped off" despite the debtor's ineligibility to receive a

---

[3]  Judge Lipp's decision was affirmed by the United States District Court for the District of Maryland on January 12, 2012 [Civil No. PJM 11-1270], and an appeal is now pending before the United States Court of Appeals for the Fourth Circuit.

discharge.[4]  Judge Lipp's opinion does not discuss the issue the court faces in this case; namely, whether such a creditor retains any rights that are allowable as an unsecured claim in a Chapter 20 case where the creditor's claim is subject to both a prior Chapter 7 discharge and lien avoidance order in the subsequent Chapter 13 case.

A recent decision in the Middle District of Florida holding that a wholly unsecured mortgage may be stripped off in a Chapter 20 case spoke directly to the issue now before this court.  In re Scantling, 465 B.R. 671 (Bankr. M.D. Fla. 2012).  In Scantling, the court explains that in a Chapter 20 case "the holder of a wholly unsecured junior mortgage lien holds neither a secured claim – by virtue of the § 506 valuation – nor an unsecured claim enforceable against the debtor – by virtue of the prior discharge."  Id. at 680.  This reasoning is persuasive and applicable here.

Real Time relies on the holding by the Supreme Court in Johnson v. Home State Bank that "a bankruptcy discharge extinguishes only one mode of enforcing a claim – namely, an action against the debtor *in personam* – while leaving intact another – namely, an action against the debtor *in rem*."  501 U.S. at 84.  Real Time thus maintains that although its *in rem* rights were stripped off because its lien is wholly unsecured, it nevertheless holds a "claim" that requires it to be treated as an unsecured creditor and entitles it to receive distributions under the debtors' Chapter 13 plan in the same way that the holder of an allowed unsecured claim would be treated.

As Real Time correctly points out, the Supreme Court stated in Johnson that Congress adopted a definition of "claim" in 11 U.S.C. § 101(5) that is broad.  The question here, however,

---

[4] Like the debtors in Davis, the debtors in this case are not entitled to receive a discharge in their Chapter 13 case. This case was filed less than two years after their Chapter 7 case was filed and, accordingly, discharge is barred under 11 U.S.C. § 1328(f)(1).

is whether Real Time holds a claim in this case that is allowable as an unsecured claim under 11 U.S.C. § 502(b) for purposes of any distributions to unsecured creditors under the Chapter 13 plan. The answer is that Real Time does not hold such a claim.

No party disputes that Real Time properly asserted its remaining *in rem* rights in this case by filing its proof of claim. As a result of the Order Avoiding Lien, however, Real Time no longer has the *in rem* rights stated on its proof of claim for purposes of this case; nor does it have a valid argument that it holds an allowable unsecured claim under Johnson. The Supreme Court's holding in Johnson simply does not apply here. Unlike Real Time, the creditor in Johnson was not the holder of a wholly unsecured claim.[5] Thus, the Court's holding in Johnson that *in rem* rights are the basis for a claim arose in an entirely different context—a context in which the creditor's *in rem* lien rights could not have been stripped off. In any event, the question in Johnson was whether a debtor could include a secured creditor's claim in a Chapter 13 plan and provide for cure of arrearages when the creditor's *in personam* rights were subject to a prior Chapter 7 discharge. That the Supreme Court answered the question in the affirmative with respect to a the holder of both fully secured and partially secured claims does not mandate allowance of an unsecured claim for Real Time in this case where Real Time's *in rem* lien rights have been determined to be wholly unsecured and have been avoided by the court.

At least one court recently agreed with Real Time's contention that its avoided lien should be treated as an allowed unsecured claim under the Chapter 13 plan. In re Okosisi, 451 B.R. 90 (Bankr. D. Nev. 2011). That decision involved the effect of the avoidance of alien in a

---

[5] Home State Bank held both a fully secured first mortgage claim and a second mortgage claim secured by the same property, and the property in question sold for an amount that was at least $300,000 greater than the amount needed to satisfy the first mortgage. In re Johnson, 96 B.R. 326, 327 (D. Kan. 1989).

Chapter 20 case where the debtors are not eligible for a discharge. Referring to Johnson, the Okosisi court stated that a prior Chapter 7 discharge created "something akin to nonrecourse debt" for purposes of a subsequent Chapter 13 case. Okosisi, 451 B.R. at 96. The Okosisi court then held that once the lien is avoided in the Chapter 13 case, "the unsecured claim that is represented by this nonrecourse debt becomes an unsecured claim in the bankruptcy case." Id. at 96 (relying primarily on In re Hill, 440 B.R. 176 (Bankr. S.D. Cal. 2010)). This conclusion converts a nonrecourse debt into a recourse debt. When Congress intended such a result, it said so expressly in 11 U.S.C. § 1111(b).[6] Application of § 1111(b), however, was limited by Congress to Chapter 11 cases. In any event, the court does not find the reasoning in Okosisi and Hill persuasive, and declines to adopt it.

Real Time's *in personam* rights and claims against the debtors were discharged in their prior Chapter 7 case. Those *in personam* rights and claims cannot now be resurrected and allowed as an unsecured claim in this case in contravention of that discharge simply because Real Time's *in rem* rights were stripped off in this case. As stated in Scantling, for purposes of

---

[6] Section 1111(b) provides that unless a creditor makes an election to be treated differently, "[a] claim secured by a lien on property of the estate shall be allowed or disallowed under section 502 of this title the same as if the holder of such claim had recourse against the debtor on account of such claim, whether or not such holder has such recourse." The explanation in Collier on Bankruptcy of the effect of § 1111(b) is instructive. As stated by Collier,

> While the Code's definition of "claim" is exceedingly broad, section 502(b) limits the "claims" that may be allowed in a chapter 11 case. For example, section 502(b) provides that, after notice and a hearing, the court must determine the amount of a claim as of the date of the filing of the petition if an objection has been filed with respect to such claim. Section 502(b) also states that the court shall allow the claim in the amount owed, *except to the extent* that all or any portion of the claims falls within any of the eight paragraphs of section 502(b) which include any claim that is "unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." This provision, absent section 1111, would thus disallow any deficiency claim held by a nonrecourse creditor.

7 Collier on Bankruptcy ¶ 1111.03[1][a][ii][B], at p. 1111-16 (17th Ed. 2012) (footnote omitted). Section 502(b) imposes the same limits in a Chapter 13 case, but § 1111(b), which makes a deficiency claim held by a nonrecourse creditor allowable in a Chapter 11 case, does not apply.

this case Real Time is now left with neither *in personam* nor *in rem* rights against the debtors, and thus holds no allowable claim against the debtors or their property that would entitle it to receive distributions under the Chapter 13 plan in this case.[7]

## Conclusion

For these reasons an order will be entered that sustains the Objection and disallows Real Time's claim.

cc: Debtors
    Debtors' Counsel - Jeffrey P. Nesson, Esq.
    U.S. Trustee
    Creditor - Real Time Resolutions, Inc.
    Creditor's Counsel - Richard Rogers, Esq.
    Chapter 13 Trustee - Ellen W. Cosby
    Chapter 13 Trustee's Counsel - Susan Scanlon, Esq.

**END OF OPINION**

---

[7] This ruling disallows Real Time's claim for purposes of distributions under the Chapter 13 plan. It does not affect Real Time's remaining *in rem* rights against the debtors' residence in the event the debtors: (i) propose a sale of their residence in this case; or (ii) do not complete their plan payments and the case is dismissed.